IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>KATRINA LAVERN COFFMAN,<br>Defendant. | CASE NO: **4:10CR0301**<br><br>**DETENTION ORDER** |

A Petition has been filed which alleges Defendant violated the terms of Defendant's release pending her revocation hearing. Pursuant to pursuant to 18 U.S.C. § 3143 (a) and Fed. R. Crim. P. Rule 32.1(a)(6), the court afforded the defendant an opportunity for a detention hearing. The court concludes the defendant must be detained pending her supervised release revocation hearing.

Based on the evidence presented and information of record, the court finds the defendant has failed to meet the burden of showing, by clear and convincing evidence, that Defendant will not pose a danger to the safety of any person or the community if released.

Specifically, the court finds that the defendant appeared before the undersigned magistrate judge on August 6, 2015 for an initial appearance on a Supervised Release Petition. (Filing No. 79). At that time, the court held a detention hearing and released the defendant on conditions requiring her compliance with all conditions of release imposed at sentencing plus the following additional conditions:

   a. Defendant shall have no contact with Esequiel Guerrero or his wife, Megan Guerrero. Any communication needs to be done through family members.

   b. Defendant shall fully participate in the 12-week group classes and one-on-one counseling related to domestic violence issues and offered through Voices of Hope.

(Filing No. 87).

An Amended Petition was filed on August 19, 2015, which alleges the defendant violated the conditions of her release by exchanging text messages with Megan Guerrero beginning as soon as 45 minutes after the court entered its release order prohibiting these communications. (Filing No. 88).

During the testimony before the court today, the defendant acknowledged exchanging text messages with Megan Guerrero on August 16-17, 2015. After this testimony was elicited, the defendant agreed to be detained.

The defendant's conduct poses a substantial risk of noncompliance with rules of supervision; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated August 20, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge